374 A.2d 1282
**COMMONWEALTH of Pennsylvania**
**v.**
**Gordon HARVELL, Appellant.**

Supreme Court of Pennsylvania.

Argued April 19, 1977.

Decided July 8, 1977.

Rudolph S. Pallastrone, George A. Bachetti, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Eric B. Henson, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Gordon Harvell, was arrested on February 22, 1970, in connection with the robbery and homicide of Thomas Holley in Philadelphia. On October 12, 1971, appellant was tried by a judge sitting with a jury and found guilty of murder of the first degree, aggravated robbery and conspiracy. After sentencing, appellant filed a direct appeal to this court, which reversed the judgments of sentence and ordered a new trial. The reason for the reversal was improper remarks by the district attorney. *Commonwealth v. Harvell*, 458 Pa. 406, 327 A.2d 27 (1974).

On January 6, 1975, appellant was retried by a judge sitting with a jury and was found guilty of murder of the first degree, aggravated robbery and conspiracy. Post-verdict motions were denied. On October 14, 1975, appellant was sentenced to life imprisonment for

the murder of the first degree conviction, a concurrent term of ten to twenty years' imprisonment for aggravated robbery and a suspended sentence on the conspiracy charge. This direct appeal followed.[1]

Appellant argues that the court below erred in failing to suppress his confession. We agree. The pertinent facts surrounding this issue are as follows. On February 22, 1970, at 7:00 a.m., appellant, aged seventeen, was arrested at his father's home on Lyle Street in Philadelphia. At the time of the arrest, the police detectives informed appellant's father that his son was being arrested in connection with the robbery-homicide of Thomas Holley. The police offered the father a ride to the Police Administration Building, but the father refused, saying that he had his own transportation and that he would follow them to the Police Administration Building.

Appellant was then taken to the Police Administration Building, arriving at 7:30 a.m., and was placed in an interrogation room. The interrogating officer was told that appellant's father was en route to the station. The officer, nevertheless, immediately proceeded with the interrogation. At 7:45, appellant was informed of the reason for his arrest and was warned of his constitutional rights. After appellant's "waiver" of these rights, the police proceeded to interrogate. Appellant confessed at 9:46 a.m. At no time was the father of Gordon Harvell either informed of his son's constitutional rights or given the opportunity to discuss those rights prior to his son's confession.

In *Commonwealth v. Chaney*, 465 Pa. 407, 350 A.2d 829 (1975), this court stated:

". . . that absent a showing that a juvenile had an opportunity to consult with an interested and

1. No appeal was taken from the judgments of sentence for aggravated robbery and conspiracy. Therefore, those judgments remain.

informed parent or adult or counsel before he waived
his *Miranda* rights, his waiver will be ineffectual.
. . ."

Appellant's father was never informed of his son's *Miranda* rights and was never given an opportunity for consultations. We are of the opinion that appellant's confession must be suppressed.

The Commonwealth contends that appellant has waived the juvenile confession issue. We do not agree.

On August 6, 1970, appellant filed his first suppression motion, which included the following averment:

"That at the time the [appellant] was arrested and at the time of his interrogation, the police knew that the [appellant] was a minor and no efforts were made by the police to contact his parent or legal guardian to have said person present at the time of the interrogation, or the signing of the statement."

Prior to appellant's re-trial, a second motion was filed. Appellant again contended that his statement was inadmissible because of an unknowing and involuntary waiver of his *Miranda* rights. At trial, appellant again challenged the admissibility of the statement. Defense counsel specifically questioned the arresting detective concerning the failure to afford appellant an opportunity to consult with his father prior to the interrogation. The post-verdict motions filed by defense counsel after the second trial were of "boiler-plate" variety. However, the motions were filed seven days prior to the decision in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), which precluded consideration of non-written post-verdict motions. As the instant motions were filed prior to *Blair*, the determinative inquiry is whether the court below considered the issue. The opinion filed in the instant matter discussed the admissibility of appellant's confession and the fact that appellant was a minor at the

time of the confession. We are, therefore, of the opinion that in the instant case, appellant has adequately preserved the issue for appellate review.[2]

Judgment of sentence reversed and case remanded for a new trial.

ROBERTS, J., took no part in the consideration or decision of this case.

POMEROY, J., filed a dissenting opinion in which EAGEN, C. J., joined.

POMEROY, Justice, dissenting.

I must once again register my dissent to the application of a *per se* rule concerning juvenile confessions. See *Commonwealth v. Chaney*, 465 Pa. 407, 350 A.2d 829 (1975) (dissenting opinion by POMEROY, J., joined JONES, C. J. and EAGEN, J.). And while I agree that this Court should zealously protect the rights of minors, I think the present case highlights the absence of realism which characterizes the *per se* approach.

The record discloses that immediately upon arresting Gordon Harvell, the police offered to bring his father to the police station. The father declined the offer, purportedly because of the availability of other transportation, yet never arrived at the station house. The record also shows that repeated telephone calls to appellant's mother and offers to bring her to the police station were equally fruitless. Under the majority's holding, the son's statement must nevertheless be discarded.

The application of the exclusionary rule in the case at bar, moreover, is not a response to police activity in disregard of a rule of law which they knew or should have known, for the arrest and interrogation here involved

---

2. While appellant's confession predates our recent cases concerning juvenile confessions, we have held that any case on direct appeal is entitled to the benefit of those decisions. *Commonwealth v. Chaney, supra.*

424

took place prior to this Court's announcement of the rule in *Commonwealth v. Roane,* 459 Pa. 389, 329 A.2d 286 (1974) and its progeny. See my dissent in *Commonwealth v. Lee,* 470 Pa. 401, 368 A.2d 690 (1977), joined by JONES, C. J. and EAGEN, J. The remedy the Court here imposes is ill-suited to accomplish the goal of protection of minors from coerced confessions. Indeed, the police in the instant case were more protective of the juvenile accused's rights than our case law demanded at that time. Hence this dissent.

EAGEN, C. J., joins in this dissenting opinion.