375 A.2d 339

**COMMONWEALTH of Pennsylvania**

**v.**

**Roy Wayne GRAVER, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 12, 1976.

Decided July 8, 1977.

474

George A. Heitczman, Bethlehem, for appellant.

Charles H. Spaziani, Dist. Atty., Nicholas M. Zanakos, Asst. Dist. Atty., for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Roy Wayne Graver, was tried by a judge and jury and convicted of three counts of voluntary manslaughter. No post-verdict motions were filed, and ap-

pellant was sentenced to three consecutive prison terms of two to four years. Appellant subsequently petitioned the Court of Common Pleas of Northampton County to be allowed to file post-verdict motions, nunc pro tunc. The request was granted and post-verdict motions were filed and later denied. This appeal followed.

Appellant argues that the court below erred in refusing to suppress his confession. Appellant contends that his confession should have been suppressed because the Commonwealth failed to show he had effectively waived his constitutional rights before giving the statement. We agree and grant appellant a new trial.

The facts pertinent to the above issue are as follows. At the time of the incident, appellant was a seventeen-year-old minor. The homicides occurred on January 10, 1974. During the next five days, appellant was questioned by police as part of their general investigation surrounding the homicides. On January 16, 1974, appellant was given his *Miranda* warning, which he waived. Appellant however made no inculpatory statement. Both appellant and his mother were questioned as suspects in connection with the above homicides. The police told appellant and his mother not to discuss their questioning with each other. The following day at 10:00 a. m., appellant and his mother were taken to the state police barracks. At 4:30 p. m., appellant, while separated from his mother, was again given his *Miranda* rights, which he waived. After approximately one and one-half hours of questioning, appellant admitted shooting the three victims.

In *Commonwealth v. Chaney*, 465 Pa. 407, 350 A.2d 829 (1975), this court stated:

". . . this court has in *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975); *Commonwealth v. Starkes*, 461 Pa. 178, 335 A.2d 698 (1975) and *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d

286 (1974), held that absent a showing that a juvenile had an opportunity to consult with an interested and informed parent or adult or counsel before he waived his *Miranda* rights, his waiver will be ineffectual. . . . "

In *Commonwealth v. Smith*, 472 Pa. 492, ——, 372 A.2d 797, 803 (1977), we more fully articulated our juvenile confession standard wherein we stated:

"Under our formulation, failure by the Commonwealth to establish either the adult was one interested in the welfare of the juvenile accused, that the adult was aware of the rights of the accused, or that the minor had an opportunity to consult, would justify the conclusion that the purported waiver was ineffective."

As appellant was never given the opportunity to consult with an interested, informed adult before waiving his rights, we believe the statement must be suppressed.

The Commonwealth has failed to show that appellant had any opportunity for consultation with an interested and informed adult before waiving his rights. Both times when the warnings were given and purportedly waived, appellant was alone with the officers and had no opportunity to consult with an adult.

Appellant was given the warnings on both January 16 and 17. Between these two occasions, appellant spent time with his mother. This fact does not help the Commonwealth, for the record does not show that appellant's mother was ever informed of the rights available to her son. In the instant case, the mother could not be termed an informed adult. See *Commonwealth v. Smith, supra.*

Judgment of sentence reversed and new trial granted.[1]

EAGEN, C. J., dissented.

---

1. While appellant's confession predates our recent cases concerning juvenile confessions, we have held that any case on direct appeal is entitled to the benefit of those decisions. *Commonwealth v. Chaney,* 465 Pa. 407, 350 A.2d 829 (1975).

POMEROY, J., filed a dissenting opinion.

JONES, former C. J., took no part in the consideration or decision of this case.

POMEROY, Justice, dissenting.

Nothing that has been presented to us in this case or otherwise has caused me to abandon my previously expressed view that this Court's per se rule requiring reversal whenever a juvenile has waived his constitutional rights without opportunity to consult with a parent or other interested adult who himself has first been advised of the juvenile's constitutional rights, is unwise, unnecessary and unwarranted, and that in any event the rule should not be applied retroactively to cases whose trial commenced prior to the announcement of the rule. See, e. g., *Commonwealth v. Smith,* 472 Pa. 492, —, 372 A.2d 797, 804–06 (1977) (dissenting opinion of Pomeroy, J., joined by Eagen, C. J.); *Commonwealth v. Lee,* 470 Pa. 401, 406–408, 368 A.2d 690, 693–94 (1977) (dissenting opinion of Pomeroy, J., joined by Jones, C. J., and Eagen, J.); *Commonwealth v. Chaney,* 465 Pa. 407, 409–10, 350 A.2d 829, 831 (1975) (dissenting opinion of Pomeroy, J., joned by Jones, C. J., and Eagen, J.). This is another such case. Hence, I must again dissent.