380 A.2d 371

COMMONWEALTH of Pennsylvania

v.

Thomas LEE, Appellant (two cases).

Supreme Court of Pennsylvania.

Argued Oct. 21, 1977.

Decided Dec. 1, 1977.

Neil E. Jokelson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Dep. Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., William E. Nugent, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PACKEL, Justice.

The evidentiary use of an uncounseled juvenile's confession, admittedly the primary evidence against the defendant, calls for a new trial under the *per se* rule of this Court. *Commonwealth v. Jamison*, 474 Pa. 541, 379 A.2d 87 (1977). The district attorney contends that this issue has not been preserved for appellate review. The issue, however, was considered in the opinion of the judge who denied suppression, was raised in post-trial motions and was specifically ruled upon in the court's opinion denying post-trial motions.

The appellant seeks a discharge rather than only the grant of a new trial which will be the fourth trial. The first trial aborted on the defendant's motion because it was belatedly realized that a Commonwealth witness was testifying about an unrelated criminal episode. The second trial resulted in a jury verdict of first-degree murder, aggravated robbery and conspiracy but a new trial was awarded by the trial court because of allegedly improper cross-examination. In the third trial, the subject of the instant appeal, the same jury verdict resulted.

A careful review of the record shows that the prior proceedings do not present a basis for the defense of double jeopardy or the lack of due process. Each of the prior proceedings was rendered nugatory because of the solicitude of our system of justice for insuring a fair trial and not because of any prosecutorial misconduct. *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977); *Commonwealth ex rel. Montgomery v. Meyers*, 422 Pa. 180, 220 A.2d 859 (1966); *see Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).

Judgments of sentence reversed and the case is remanded for a new trial.

ROBERTS, J., filed a concurring opinion.

NIX, J., concurs in the result.

POMEROY, J., filed a dissenting opinion in which EAGEN, C. J., joined.

ROBERTS, Justice, concurring.

I concur in the result and join the opinion of the court insofar as it reaffirms the doctrine of *Commonwealth v. Jamison*, 474 Pa. 541, 379 A.2d 87 (1977).

POMEROY, Justice, dissenting.

I dissent. My views in opposition to the *per se* exclusionary rule relative to juvenile confessions, and also to the retroactive application thereof to cases tried before the Court's decision in *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975), have been frequently stated and need not be here repeated. See, e. g., *Commonwealth v. Jamison*, 474 Pa. 541, 379 A.2d 87(1977) (dissenting opinion of Pomeroy, J., joined by Eagen, C. J.); *Commonwealth v. Graver*, 473 Pa. 473, ——, 375 A.2d 339, 340 (1977) (dissenting opinion of Pomeroy, J., joined by Eagen, C. J.); *Commonwealth v. Smith*, 472 Pa. 492, 506–509, 372 A.2d 797, 804–06 (1977) (dissenting opinion of Pomeroy, J., joined by Eagen, C. J.); *Commonwealth v. Lee*, 470 Pa. 401, 406–08, 368 A.2d 690, 693–94 (1977) (dissenting opinion of Pomeroy, J., joined by Eagen, J., and Jones, C. J.); *Commonwealth v. Chaney*, 465 Pa. 407, 409, 350 A.2d 829, 831 (1975) (dissenting opinion of Pomeroy, J., joined by Jones, C. J., and Eagen, J.).

EAGEN, C. J., joins in this dissenting opinion.