383 A.2d 1253

**COMMONWEALTH of Pennsylvania**

**v.**

**Clifford WALKER, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Oct. 14, 1976.

Decided March 23, 1978.

Henry J. Lunardi, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James Garrett, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Clifford Walker, was tried before a jury and found guilty of murder in the first degree, criminal conspiracy, robbery, and burglary. Post-verdict motions were denied, and appellant was sentenced to life imprisonment on the murder charge, and concurrent seven and one-half to fifteen year sentences for robbery and burglary. The judgment of sentence for murder was appealed directly to us; the judgments of sentence for robbery and burglary were taken to the Superior Court and subsequently transferred to this Court.

Appellant contends that the trial court erred in failing to suppress all statements given to the police by the appellant. The trial court did suppress some statements because of an unnecessary delay between arrest and arraignment, but refused to suppress other statements made earlier in time than those suppressed. As a result of the pretrial ruling, the statements in question were introduced by the prosecution during appellant's trial. Appellant continued his challenge to the statements in post-verdict motions and also in this appeal.

██ The appellant argues that all statements which he gave to the police should have been suppressed because appellant, who was a juvenile, was denied his right to

consult with an interested and informed parent, adult, or counsel. The suppression court denied relief on this ground even though it found that appellant was a juvenile and was denied the right to consultation. It did so, however, on April 24, 1974, prior to our decisions holding that all juveniles are entitled to consultation before they can effectively waive their constitutional rights. Under those cases, appellant, who is before us on direct appeal, is entitled to relief. We agree therefore with appellant that all statements should have been suppressed. At the time of his arrest, and at the time the statements were obtained, appellant was seventeen years of age. A juvenile cannot effectively waive *Miranda* rights absent an opportunity to consult with an interested and informed parent, adult, or counsel. Statements made by a juvenile without this protection must be suppressed. *Commonwealth v. Smith,* 472 Pa. 492, 372 A.2d 797 (1977), *Commonwealth v. Gaskins,* 471 Pa. 238, 369 A.2d 1285 (1977).

 The prosecution does not argue that appellant was given an opportunity for the required consultation. The prosecution, however, argues that appellant has waived his right to raise this issue because no objection was made to the admission of the statements during trial. An objection at trial, however, would have been a useless act. Rule 323(j) of the Pa.R. of Crim.P. states:

"If the court determines that the evidence is admissible *such determination shall be final, conclusive and binding at trial* except upon a showing of evidence which was theretofore unavailable, but nothing herein shall prevent a defendant from opposing such evidence at trial upon any ground except its admissibility." (Emphasis added.)

Under the above rule the determination made pretrial is final, conclusive, and binding at trial. The trial judge cannot overrule the admissibility determination made by the pretrial suppression judge. Accordingly, the appellant cannot be said to have waived an issue which he was precluded from raising during the trial.

The prosecution also argues that the issue of whether appellant effectively waived his *Miranda* rights should not be considered because appellant's written pretrial application to suppress alleged only "psychological and physical coercion," and it "cannot be read to raise any issue of his competency to waive his rights as affected by his age and the absence of adult consultation." See Rule 323(d) of the Pennsylvania Rules of Criminal Procedure. We do not agree.

■■ The direct implication of the prosecution's argument is that an accused has the burden of alleging or proving an ineffective waiver of *Miranda* rights. It is not the defendant who must prove an ineffective waiver, but rather the prosecution that must prove an effective waiver. *See Commonwealth v. Smith, supra,* 472 Pa. at 496, 372 A.2d at 799 ("We have insisted that the Commonwealth bear the burden of proving a knowing waiver.").

Appellant's application in this case, after reciting in the first paragraph the fact of the appellant's arrest, alleged:

"2. That on the 23rd day of December of 1973 or thereabout at the police administration building and elsewhere, the police obtained from the applicant written and oral statements allegedly confessing to the crimes charged against him.

3. That the said statements and any recording of the statements were illegally obtained from the defendant under duress, coercion, influence, and other improper manners, imposed upon him by the police in violation of his rights under the laws of the Commonwealth of Pennsylvania and the Constitution of Pennsylvania and the Constitution of the United States of America."

Significant in our invalidation of uncounselled juvenile confessions, was the psychological coercion that necessarily inheres in the custodial interrogation of a youth by adult, experienced, police officers. We recognize the "unique disadvantage in the custodial interrogation process of the youthful accused due to his immaturity." *Commonwealth v. Smith,* 472 Pa. at 497, 372 A.2d at 800. This inescapable fact

was best stated by the United States Supreme Court in *Haley v. Ohio*, 332 U.S. 596, 599–600, 68 S.Ct. 302, 304, 92 L.Ed. 224, 228–29 (1948):

> "[W]e cannot believe that a lad of tender years is a match for the police in such a contest. He needs counsel and support if he is not to become the victim first of fear, then of panic. He needs someone on whom to lean lest the overpowering presence of the law, as he knows it, crush him."

*See also Gallegos v. Colorado*, 370 U.S. 49, 53–55, 82 S.Ct. 1209, 8 L.Ed.2d 325, 328–29 (1962) (emphasizing the "unequal footing" between a youth and his adult interrogators). Even in the case of adults, the United States Supreme Court has said:

> " . . . circumstances surrounding in-custody interrogation can operate very quickly to overbear the will of one merely made aware of his privilege by his interrogator." *Miranda, supra* at 469, 384 U.S. 436, 469, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694 (1966).

The prosecution also argues that the record does not establish that the appellant was a juvenile. The prosecution, however, does not contend that appellant was not a juvenile at the time in question. The suppression court found as a fact that "at the time of the arrest the defendant was seventeen years of age with at least a seventh grade education." The prosecution admits that there was evidence in the record to sustain the suppression court's finding, but argues, that the evidence was hearsay. The prosecution, however, did not object to the evidence when introduced, and at no time during the suppression hearing did it offer any evidence to the contrary.

 The prosecution also argues that the appellant has waived this issue because appellant attempted to affirmatively use the statements after they were introduced by the prosecution. We reject the prosecution's contention that once evidence has been admitted a defendant cannot use that evidence in a manner favorable to the defense without waiving his right to challenge the admissibility of that

evidence. Neither *Commonwealth v. Parks*, 453 Pa. 296, 301, 309 A.2d 725, 728 (1973) nor *Commonwealth v. Segers*, 460 Pa. 149, 158 n.3, 331 A.2d 462, 467 n.3 (1975) cited by the prosecution in support of its argument, is applicable. In those cases the defendants failed to contest at trial the *voluntariness* of their statements, and affirmatively used the statement for the benefit of the defense. Unlike the issue of voluntariness, the issue of the effectiveness of a juvenile's purported waiver of *Miranda* rights cannot be relitigated at trial once the suppression court has determined the issue adversely to the defendant. Because voluntariness is an issue which can be raised during the trial by the defendant, but was not raised in *Parks* and *Segers*, we held in those cases the issue had been waived. *Cf. Commonwealth v. Goosby*, 461 Pa. 229, 336 A.2d 260 (1975). (Appellant, *during evidentiary hearing on the admissibility* of the confession, stated he did not object to the confession because he intended to use it affirmatively.) The cases, however, do not stand for the proposition that no evidence admitted over the objection of a defendant may be used during the trial for the benefit of the defense. Such a rule would improperly handicap the defense. The defense is always entitled to attempt to use evidence introduced by the prosecution in a manner favorable to it.

Because we reverse appellant's judgments of sentence, and remand for a new trial, we need not now consider the other allegations of error raised by appellant.

Judgments of sentence reversed and a new trial granted.

O'BRIEN and NIX, JJ., concurred in the result.

POMEROY, J., filed a dissenting opinion in which EAGEN, C. J., and LARSEN, J., joined.

POMEROY, Justice, dissenting.

I continue to be of the view that this Court's *per se* rule, which requires reversal of convictions in which a juvenile has waived his *Miranda* rights without an opportunity to consult with a parent or other interested adult who himself

has first been advised of the juvenile's rights, is "unwise, unnecessary and unwarranted." *Commonwealth v. Chaney*, 465 Pa. 407, 410, 350 A.2d 829 (1975) (Pomeroy, J., dissenting, joined by Jones, C. J., and Eagen, J.). See also, *e. g.*, *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797, 804 (1977) (Pomeroy, J., dissenting, joined by Eagen, C. J.); *Commonwealth v. Webster*, 466 Pa. 314, 329, 353 A.2d 372 (1975) (Pomeroy, J., dissenting); *Commonwealth v. Starkes*, 461 Pa. 178, 190, 335 A.2d 698 (1975) (Eagen, J., dissenting, joined by Jones, C. J., and Pomeroy, J.).

In addition, it bears repeating that the application of this exclusionary rule "is not a response to police activity in disregard of a rule of law which they knew or should have known, for the arrest and interrogation here involved took place prior to this Court's announcement of the rule in *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974), and its progeny." *Commonwealth v. Harvell*, 473 Pa. 418, 423, 374 A.2d 1282, 1285 (1977) (Pomeroy, J., dissenting, joined by Eagen, C. J.). Application of the *per se* rule to this case, in which trial commenced before the rule was announced, is thus even less warranted than the rule itself. See also, *e. g.*, *Commonwealth v. Lee*, 475 Pa. 314, 316, 380 A.2d 371 (1977) (Pomeroy, J., dissenting, joined by Eagen, C. J.); *Commonwealth v. Graver*, 473 Pa. 473, 477, 375 A.2d 339, 340 (1977) (Pomeroy, J., dissenting); *Commonwealth v. Gaskins*, 471 Pa. 238, 242, 369 A.2d 1285, 1287 (1977) (Pomeroy, J., dissenting, joined by Jones, C. J., and Eagen, J.); *Commonwealth v. Lee*, 470 Pa. 401, 406, 368 A.2d 690, 693 (1977) (Pomeroy, J., dissenting, joined by Jones, C. J., and Eagen, J.). Hence this dissent.

EAGEN, C. J., and LARSEN, J., join in this dissenting opinion.