386 A.2d 509

**COMMONWEALTH of Pennsylvania**

v.

**Charles H. LAWSON, a/k/a Charles H. Lawson El, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 15, 1977.

Decided April 28, 1978.

Sara Duffy, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty. Chief, Appeals Div., Jane C. Greenspan, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Charles H. Lawson, a/k/a Charles H. Lawson El, was convicted at a bench trial of murder of the first degree. Post-verdict motions were denied and appellant was sentenced to life imprisonment. This direct appeal followed.

The facts are as follows. At approximately 10:30 p.m., on July 27, 1974, Arthur Lewis was shot in front of his aunt's home at 1335 Rodman Street in Philadelphia. The victim's aunt, Lily Purnell, testified that she heard what sounded like two loud firecrackers. She went to the window of her home and saw Lewis lying on the ground. She noticed a young black man riding a bicycle at a fast rate of speed away from the scene of the shooting.

Officer Bernard Brosuski of the Philadelphia police department was in his patrol car on Rodman Street when he heard what he believed were two gunshots. When Officer Brosuski saw two black youths leaving the scene on bicycles, going very fast, he turned his car around and followed the pair. When the bicyclists split up, Officer Brosuski followed appellant and eventually caught up with him. When appellant was arrested, he was on his knees on the ground in a vacant lot. After appellant was taken away in a police wagon, Brosuski returned to the 1300 block of Rodman

Street and determined that a shooting had occurred. He then went to the location of appellant's arrest and found a gun loosely buried in the dirt. The victim died two days later as a result of the gunshot wounds.

Appellant, a seventeen-year-old minor, arrived at the Police Administration Building at 10:55 p.m. Detective James Richardson attempted to contact appellant's stepfather, but was unsuccessful originally. At 12 Midnight, appellant was given his constitutional rights, which he allegedly waived. Appellant then gave an inculpatory statement, telling police that he shot the victim to avenge the shooting of a friend.

During this time, police were able to contact appellant's stepfather, who told police he would go to the stationhouse. Appellant's stepfather and sister arrived at 4:25 a.m., and were allowed to confer with appellant for approximately thirty minutes. Following this consultation, appellant reiterated his confession, making a few minor changes. Both confessions were introduced at trial.

■ Appellant first argues that the evidence was insufficient to sustain his conviction of murder of the first degree. We do not agree.

In *Commonwealth v. Rose*, 463 Pa. 264, 267–68, 344 A.2d 824, 825–26 (1975), we stated:

"The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. . . . Moreover, it is the province of the trier of fact to pass .upon the credibility of witnesses and the weight to be accorded the evidence produced. . . . The fact-finder is free to believe all, part, or none of the evidence." (Citations omitted.)

The evidence presented at trial meets this standard in showing that this killing was "willful, deliberate and premeditated. . . ." Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2502(a).

Appellant next asserts that the suppression court erred in refusing to suppress the two confessions. He argues that since he was not afforded an opportunity to confer with an interested adult, his waiver of the *Miranda* rights was ineffectual, thus requiring suppression of the first confession. Further, since the second confession was taken without either explaining the applicable rights to appellant's stepfather or rewarning appellant in his stepfather's presence, appellant believes that statement should also be suppressed. We agree with appellant as to both confessions and grant him a new trial.

In *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975), we articulated a rule which held that any waiver of *Miranda* rights by a juvenile would be ineffectual unless the juvenile had the opportunity to consult with an interested and informed adult before waiving the *Miranda* rights. Furthermore, in *Commonwealth v. Chaney*, 465 Pa. 407, 350 A.2d 829 (1975), we held that even though a defendant's arrest, confession and trial predated our decisions in *Commonwealth v. McCutchen, supra; Commonwealth v. Starkes*, 461 Pa. 178, 335 A.2d 698 (1975); and *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974), any defendant whose case was on direct appeal at the time of those decisions was entitled to their benefit,[1] provided the issue was properly preserved. As appellant was never given such an opportunity for consideration, our *McCutchen* decisions require suppression of the first confession.

The Commonwealth advances three reasons why our *McCutchen* decisions should not be applicable. The Commonwealth first argues that appellant has waived the issue because of a lack of specificity in his suppression motion. The Commonwealth would have us hold the issue waived merely because the suppression motion contained no mention that appellant was a juvenile. We believe appellant's sup-

---

1. Appellant's arrest and confession predated our decision in *Roane, supra*. Further, appellant's suppression motion was filed approximately one month before *Roane*.

pression motion was sufficient to preserve this issue for our review.

First, and most important, the suppression motion in this case was filed one month before we announced our decision in *Roane, supra.* A general claim of ineffective waiver of *Miranda* rights is sufficient to preserve this juvenile confession issue. See *Commonwealth v. Walker*, 477 Pa. 370, 383 A.2d 1253 (1978). Compare *Commonwealth v. Baylis*, 477 Pa. 472, 384 A.2d 1185 (1978).

In his motion to suppress, appellant did allege:

1. The Commonwealth secured statements, both oral and written, which were in violation of the defendant's constitutional rights.

2. The defendant was never warned of his constitutional rights and never waived them in a knowing, intelligent and voluntary manner.

■ The Commonwealth next argues that our decision in *Commonwealth v. Hart*, 471 Pa. 271, 370 A.2d 298 (1977) renders admission of the confession harmless error beyond a reasonable doubt. We disagree.

In *Hart*, we held that introduction of an otherwise illegal confession can be rendered harmless if the defendant took the stand and reiterated the confession. Here, however, appellant did not reiterate his confession, for his trial testimony substantially differed from both confessions. In the confessions, appellant told police the killing was motivated by revenge and he did the shooting. At trial, appellant's testimony indicated that he went along out of fear of gang pressure and that he did not fire the gun. The substantial differences between the confessions and appellant's trial testimony render *Hart inapposite.*

■ The Commonwealth also argues that the mandate in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972), required the questioning of appellant before his stepfather arrived. We do not agree. In *Futch*, this court, in interpreting Pa.R.Crim.P. 118 (now 130) determined that any evidence obtained during a period of "unnecessary delay"

between arrest and arraignment was inadmissible at trial if such evidence was reasonably related to the unnecessary delay. The *Futch* court did not create an exclusionary rule for evidence obtained during periods of necessary delay. We believe that a reasonable delay attributable to waiting for the parents of a juvenile defendant under the *McCutchen* holding is "necessary delay" under the *Futch* rationale. We therefore reject the Commonwealth's contention that *Futch* mandated noncompliance with *McCutchen*.

■ As the Commonwealth's arguments concerning the inapplicability of *McCutchen* are unpersuasive, we are convinced appellant's original confession must be suppressed. Again, this is so because appellant's waiver of his *Miranda* rights was ineffectual. We believe the second confession must also be suppressed because appellant was never rewarned of his rights. The Commonwealth states that appellant's father was told of his son's rights, but our review of the record reveals no such fact. As the original waiver was ineffectual with no rewarnings, appellant's second confession must also be suppressed.

Judgment of sentence reversed and new trial ordered.

MANDERINO, J., files a concurring opinion.

NIX, J., concurs in the result.

POMEROY, J., files a dissenting opinion in which EAGEN, C. J., joins.

PACKEL, J., took no part in the decision of this case.

MANDERINO, Justice, concurring.

I concur in the result. However, because the prosecution raises an issue involving *Commonwealth v. Hart*, 471 Pa. 271, 370 A.2d 298 (1977), a case with which I disagree, I add these comments. Justice O'Brien's opinion distinguishes *Hart* on the ground that here, appellant's trial testimony differed substantially from his earlier confessions. For reasons detailed elsewhere, I continue to hold the view that admitting appellant's confession would not be harmless error even if the trial testimony repeated the substance of the

earlier confessions. *See Commonwealth v. Bridges,* 475 Pa. 535, 381 A.2d 125, 130–31 (1977) (Roberts & Manderino, JJ., dissenting); *Commonwealth v. Hart,* 471 Pa. 271, 275–77, 370 A.2d 298, 300–01 (1977) (Nix & Roberts, JJ., dissenting); *id.* 471 Pa. at 275, 370 A.2d at 300 (Manderino, J., concurring); *Commonwealth v. Saunders,* 459 Pa. 677, 683, 331 A.2d 193, 195 (1975) (Nix & Roberts, JJ., dissenting). *See also Commonwealth v. Rice,* 477 Pa. 221, 383 A.2d 903 (1978) (Manderino & Nix, JJ., opinion in support of reversal).

POMEROY, Justice, dissenting.

For the reasons fully set forth in my dissenting opinion in *Commonwealth v. Walker,* 477 Pa. 370, 377, 383 A.2d 1253, 1256 (1978) (Pomeroy, J., dissenting, joined by Eagen, C. J., and Larsen, J.), and the dissenting opinions cited therein, I remain opposed to this Court's continued application of its *per se* rule excluding juvenile confessions. The punitive exclusion is peculiarly inappropriate in cases such as this, where the police conduct complained of (*i.e.,* failure to obtain parental or other adult counseling for the juvenile prior to taking any statement) occurred before the announcement of that rule. I must once more register my disagreement with this renewed application of an ill-conceived and illogical rule. Hence this dissent.

EAGEN, C. J., joins in this dissenting opinion.