No. 77–5953. RILEY *v.* ILLINOIS. App. Ct. Ill., 1st Dist. Certiorari denied.

MR. JUSTICE MARSHALL, with whom MR. JUSTICE BRENNAN joins, dissenting.

I dissent from the denial of certiorari. Petitioner was 16 years old at the time of his arrest in connection with three homicides.[1] After being held for an hour and a half in a police car at the cemetery where the bodies were found, petitioner was taken to the police station, where his shoes, trousers, and shirt were removed[2] and he was given a blanket and placed in a cell. An hour or two later, after being advised

---

[1] All facts are taken from the opinion of the Illinois Appellate Court. 49 Ill. App. 3d 304, 364 N. E. 2d 306 (1977). It appears that petitioner first told the police that he was 17 years old, but it is here undisputed that petitioner was 16 at the time of the events in question. See *id.*, at 306, 310, 364 N. E. 2d, at 307–308, 310; Brief in Opposition 2.

[2] This clothing was apparently removed for evidentiary purposes. See 49 Ill. App. 3d, at 306, 364 N. E. 2d, at 307.

of his constitutional rights to remain silent and consult with an attorney, petitioner asked to speak to his father, who had come to the police station when he learned of his son's arrest;[3] this request was ignored by the police. Petitioner then confessed to the crimes, and later that evening repeated the confession to a prosecuting attorney, without having consulted with the parent whom he had asked to see or with any other friendly adult. The confession was introduced over objection at petitioner's trial, which led to his conviction for murder and to sentences of 75 to 225 years.[4]

The Illinois courts considered and rejected petitioner's argument, made initially in support of his motion to suppress the confession, that "the request of a juvenile defendant to see a parent is tantamount to an adult's request for an attorney" and should terminate police interrogation. 49 Ill. App. 3d 304, 308, 364 N. E. 2d 306, 309 (1977).[5] It is this argument that petitioner presses here.

I have recently expressed my view that this Court should decide whether a juvenile's waiver of rights is valid in the absence of "competent advice from an adult who does not have significant conflicts of interest." *Little* v. *Arkansas, ante,* p. 957 (dissenting from denial of certiorari). The instant case presents a related but less difficult issue, for we need not consider here whether the Constitution requires that

---

[3] Police testimony conflicted with both petitioner's claim that he had asked to see his father and the father's claim that he had asked repeatedly to see his son. There is no dispute, however, about the father's presence at the police station that evening, and the trial court assumed, in ruling on petitioner's suppression motion, that petitioner had made the request to see his father. *Id.,* at 306–307, 310, 364 N. E. 2d, at 308, 310.

[4] Petitioner was convicted of two counts of murder, for which he received concurrent sentences of 75 to 225 years. He was also convicted of one count of involuntary manslaughter, for which he received a sentence of 3 to 10 years.

[5] The Illinois Supreme Court denied leave to appeal. App. B to Pet. for Cert.

a juvenile always receive adult advice before making a confession. Compare *ante,* at 958–959, and nn. 5–6. Nor need we decide whether adult advice tainted by conflict of interest is nevertheless sufficient for constitutional purposes. See *ante,* at 959–960. The narrow question presented here is simply whether an accused child's request to see a parent must be honored by the police before they continue interrogation, at least when the parent is available at the police station and interested in speaking to his child.

There is a conflict of authority on this question that indicates a need for this Court to exercise its certiorari jurisdiction. See Sup. Ct. Rule 19. The Supreme Court of California has held:

> "[W]hen . . . a minor is taken into custody and is subjected to interrogation, without the presence of an attorney, his request to see one of his parents . . . must . . . be construed to indicate that the minor suspect desires to invoke his Fifth Amendment privilege. The police must cease custodial interrogation immediately upon exercise of the privilege." *People* v. *Burton,* 6 Cal. 3d 375, 383–384, 491 P. 2d 793, 798 (1971).

Other state courts have gone further, requiring that a juvenile always receive adult advice before the police may accept his confession, regardless of whether he asks to speak to an adult. See, *e. g., Lewis* v. *State,* 259 Ind. 431, 436–440, 288 N. E. 2d 138, 141–143 (1972); *In re K. W. B.,* 500 S. W. 2d 275, 279–283 (Mo. App. 1973); *Commonwealth* v. *Webster,* 466 Pa. 314, 320–328, 353 A. 2d 372, 375–379 (1975); *Commonwealth* v. *McCutchen,* 463 Pa. 90, 343 A. 2d 669 (1975). On the other hand, at least two courts in addition to the court below have upheld the admission of confessions obtained after juveniles' requests to see parents had been ignored by the police. *Chaney* v. *Wainwright,* 561 F. 2d 1129 (CA5 1977) (2–1 decision); *State* v. *Young,* 220 Kan. 541, 555, 552 P. 2d 905, 916 (1976) (noting that honoring juvenile's request to see

parent would be the "better police practice," although not constitutionally required).[6]

In *In re Gault,* 387 U. S. 1 (1967), this Court emphasized that "the greatest care must be taken to assure that [a juvenile's] admission was voluntary . . . [and] that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair." *Id.,* at 55. In light of this admonition, there is an obvious incongruity in requiring the police to honor an adult's request for an attorney while allowing them to ignore a juvenile's request to speak to a parent:

> "[T]he state readily concedes that the police would have been required to accede to a request for an attorney. The accused who requests his mother rather than his ever-available attorney is the less knowledgeable, more easily coerced person most in need of protection from police overreaching. It makes no sense to protect the knowledgeable accused from stationhouse coercion while abandoning the young person who knows no more than to ask for the one person he trusts, his mother." *Chaney* v. *Wainwright, supra,* at 1134 (Goldberg, J., dissenting) (footnote omitted).

These considerations, at the very least, indicate that the issue presented here is a substantial one. For this reason, and because of the conflict among state and federal courts on the question, I would grant the petition for certiorari.

---

[6] The Illinois court in the instant case similarly indicated that " 'it would be preferable to make sure, whenever possible, that a parent or guardian is present when a juvenile waives his rights.' " 49 Ill. App. 3d, at 311, 364 N. E. 2d, at 311, quoting *In re Stiff,* 32 Ill. App. 3d 971, 978, 336 N. E. 2d 619, 625 (1975).