343 A.2d 669
**COMMONWEALTH of Pennsylvania**
**v.**
**Freddy McCUTCHEN, Appellant.**

Supreme Court of Pennsylvania.

Argued April 8, 1975.

Decided July 7, 1975.

Rehearing Denied Sept. 16, 1975.

Joseph R. Danella, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James Garrett, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Freddy McCutchen, was tried by a judge and jury and found guilty of murder in the first degree and sodomy. Post-trial motions were denied and appellant was given a life sentence, with a ten-to-twenty-year sentence on the sodomy charge to run consecutively with his life sentence. This appeal followed.

Appellant, age fifteen at the time of his arrest, argues that his confession should have been suppressed based on our decisions of *Commonwealth v. Starkes*, 461 Pa. 178, 335 A.2d 698 (1975) and *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974), because he was not given the benefit of parental or interested-adult guidance prior to giving his confession. We agree.

The facts surrounding appellant's confession are as follows. On June 8, 1972, at or about 6:30 p. m., appellant was approached by two officers of the Philadelphia Police and asked if he would accompany them to police headquarters in order that he could be interviewed concerning the death of Wilfredo Martinez. Appellant consented to go with the police and arrived at police headquarters at or about 7:00 p. m., where he was given his *Miranda* warnings and questioned from 7:15 p. m. until 9:25 p. m. During this time, appellant denied any involvement in the homicide, but gave the police a statement in which he said that he saw an elderly man run from the area in which the victim's body was found.

From 9:25 p. m. until 10:30 p. m., appellant was left alone and then, with his consent, was taken to a polygraph room where a pretest interview was conducted from 10:30 p. m. until 11:45 p. m. After the polygraph tests were administered, appellant was told that he was lying and at about 11:55 p. m., appellant gave an incriminating statement which was recorded in longhand and signed by appellant at 1:10 a. m. After this first confession was ended, the police took appellant's mother to police headquarters; upon her arrival she was told that her son had confessed to the homicide. She then spoke with her son, and another formal typewritten confession was taken, concluding at 4:20 a. m. At no time prior to appellant's first confession was he afforded the opportunity to consult with his mother or an interested adult.

The Commonwealth, in an effort to distinguish the instant case from our decisions of *Roane* and *Starkes, supra,* argues that appellant's confession was voluntary because he did not ask to have his mother present, and that because of his prior experience with the police, he was aware of the consequences of his confession and did not need guidance in deciding whether to confess. We are of the opinion that these arguments do not take this case out of our *Roane* and *Starkes* rationale. In *Roane, supra,* we stated:

".  .  . In order to support a finding that Daryl's waiver of his rights was knowing and intelligent, we believe that the record must indicate that Mrs. Roane had an opportunity to give Daryl the kind of helpful advice discussed in *Gallegos, supra.* The instant case reveals no such opportunity." At page 395, 329 A.2d at page 289.

In the instant case, the Commonwealth admits that appellant's mother was not present when he gave his first informal confession but was only taken in to see appellant when his final confession was taken. Under these facts, it is clear that prior to appellant giving his first

confession, which was in essence the same as his later formal confession, appellant, age fifteen, was not given the opportunity to consult his mother before he waived his rights, an opportunity, in our opinion, mandated by our *Roane* decision.

Judgments of sentence reversed and case remanded for proceedings consistent herewith.

JONES, C. J., took no part in the consideration or decision of this case.

EAGEN and POMEROY, JJ., dissent.