350 A.2d 829
**COMMONWEALTH of Pennsylvania**
v.
**Michael CHANEY, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued April 7, 1975.

Decided Nov. 26, 1975.

Rehearing Denied Feb. 17, 1976.

408

E. J. O'Halloran, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah E. Glass, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Michael Chaney, was tried by a judge and jury and found guilty of murder in the first degree and aggravated robbery. Post-trial motions were denied and appellant was sentenced to life imprisonment. Appellant filed this appeal and we reverse his judgment of sentence.

Appellant argues that the court erred in failing to suppress his confession. Chaney, age sixteen, was arrested September 8, 1972, at approximately 11:25 a. m. and transported to police headquarters, where he arrived at

11:45 a. m.   He was warned of his rights at 12:05 p. m. and thereafter gave his first oral admission at 1:05 p. m. He was then questioned, given a polygraph examination and finally gave a final written statement at 7:54 p. m. At his suppression hearing and in post-trial motions, appellant argued that based on our decision in *Commonwealth v. Harmon*, 440 Pa. 195, 269 A.2d 744 (1970), his confession should have been suppressed because he was a juvenile and because he did not voluntarily give the confession.   However, since the taking of appellant's appeal in this case, this court has in *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975); *Commonwealth v. Starkes*, 461 Pa. 178, 335 A.2d 698 (1975) and *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974), held that absent a showing that a juvenile had an opportunity to consult with an interested and informed parent or adult or counsel before he waived his *Miranda* rights, his waiver will be ineffectual.   In the instant case, no such consultation was conducted prior to appellant's waiver and, in fact, his mother did not see him until 2:30 p. m., some three hours after his arrest; his confession must, therefore, be suppressed under our *McCutchen* rationale.   While appellant's arrest, confession and trial took place before our decisions concerning a juvenile's waiver of his *Miranda* rights, he is nevertheless entitled to the benefit of those decisions since he was on direct appeal at the time of our *McCutchen* decisions. See *Commonwealth v. Little*, 432 Pa. 256, 248 A.2d 32 (1968).

Judgment of sentence reversed and case remanded for a new trial consistent with this opinion.

POMEROY, J., filed a dissenting opinion in which JONES, C. J., and EAGEN, J., joined.

POMEROY, Justice (dissenting).

As the majority opinion notes, this Court has recently created a per se rule requiring reversal whenever a juve-

nile has waived his constitutional rights, see *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), without the opportunity to consult with a parent or other interested adult, who himself has first been advised of the juvenile's constitutional rights. See *Commonwealth v. Riggs*, 465 Pa. 208, 348 A.2d 429 (1975); *Commonwealth v. Webster*, 466 Pa. ——, 353 A.2d 372 (1975); *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975); *Commonwealth v. Starkes*, 461 Pa. 178, 335 A.2d 698 (1975); *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974). I have consistently expressed my disagreement with this rule. See the dissenting opinion of Mr. Justice EAGEN in *Commonwealth v. Roane, supra,* joined by Mr. Chief Justice JONES and this writer; the dissenting opinion of Mr. Justice EAGEN in *Commonwealth v. Starkes, supra,* joined by Mr. Chief Justice JONES and this writer; and Part I of the dissenting opinion of this writer in *Commonwealth v. Webster, supra.* I continue to adhere to the views expressed in those opinions that the rule is unwise, unnecessary and unwarranted. Hence this dissent.

JONES, C. J., and EAGEN, J., join in this dissent.