350 A.2d 410

**COMMONWEALTH of Pennsylvania**

v.

**Johnnie SMITH, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 20, 1975.

Decided Jan. 29, 1976.

Richard P. Hunter, Jr., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah E. Glass, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice:

Appellant, Johnnie Smith, age fifteen, was tried before a judge and jury and found guilty of murder in the second degree and two counts of aggravated robbery for the stabbing death of David Merrone. Post-trial motions were denied and appellant was sentenced to five to twenty years for the second-degree murder conviction and ten years' probation on one of the aggravated robbery indictments; sentence was suspended on the second aggravated robbery indictment. This appeal followed.

Appellant argues his confession must be suppressed in that police interrogation had commenced without first allowing him, a fifteen-year-old juvenile, the opportunity to consult with a parent or interested adult. We agree.

The facts surrounding appellant's confession are as follows. On March 23, 1972, at approximately 10:45 p.m., appellant arrived at the Philadelphia Police Administration Building for questioning concerning the stabbing death of David Merrone. At 11:00 p.m., appellant was warned of his rights and interrogated. In his initial statement, appellant denied any involvement or knowledge of the stabbing incident. He was interrogated a second time at 12:50 a.m. and confronted with differences between his story and the stories of other co-defendants. At 11:00 a.m., appellant was rewarned of his rights and a third interrogation was conducted.

A summary of the third interrogation reveals a complete reversal of appellant's initial statement. He incriminated himself by admitting to being with a group of friends who were fighting with the decedent and his friend. Appellant further stated that a co-defendant, Andre Gay, admitted stabbing the Merrone youth and disposing of the knife after the fight. At 3:20 a.m. on March 24, 1972, appellant's mother arrived and was with her son until 8:18 a.m. She was informed of the nature of the incident and charges involving her son, but she was never informed of her son's *Miranda* rights. In addition, appellant's mother consented to a polygraph examination. Appellant's formal statement began at 10:01 a.m. and was signed at 11:40 a.m. on March 24, 1972.

This court, in *Commonwealth v. Chaney*, 465 Pa. ——, 350 A.2d 829 (1975), stated: ". . . that absent a showing that a juvenile had an opportunity to consult with an interested and informed parent or adult or counsel *before he waived* his *Miranda* rights, his waiver will be ineffectual." (Emphasis supplied.) See *Common-*

wealth v. McCutchen, 463 Pa. 90, 343 A.2d 669 (1975); Commonwealth v. Starkes, 461 Pa. 178, 335 A.2d 698 (1975).

In the instant case, his *Miranda* rights were read to appellant twice and he was interrogated three times prior to his mother's arrival at the police station; the last interrogation was at 1:00 a.m., when an incriminating statement was obtained from him. In addition, according to a police chronology, even after appellant's mother arrived at the Police Administration Building, while she was given an opportunity to meet and talk with her son, she was never warned of her son's *Miranda* rights. In view of the facts in the instant case and this court's decisions in *Chaney, McCutchen* and *Starkes,* appellant's confession must be suppressed.

The Commonwealth contends that we should not suppress appellant's confession on the rationales of the above-cited cases because to do so would be retroactively applying our juvenile confession rule. We do not agree.

In *Chaney,* this court made clear that the juvenile confession rule would be applicable to all appellants on direct appeal, even though their confessions preceded our decisions in the above-cited cases. See *Commonwealth v. Little,* 432 Pa. 256, 248 A.2d 32 (1968).[1]

Judgment of sentence is reversed and case is remanded for a new trial.[2]

POMEROY, J., filed a dissenting opinion in which EAGEN, J., joined.

JONES, C. J., took no part in the consideration or decision of this case.

1. At the time of trial the court below did not have the benefit of our *McCutchen* rationale.

2. There is no appeal taken to us of the two aggravated robbery convictions.

314

POMEROY, Justice (dissenting).

I dissent. See the dissenting opinion of this writer (joined by Mr. Chief Justice Jones and Mr. Justice Eagen) in *Commonwealth v. Chaney,* 465 Pa. ——, 350 A.2d 829 (1975) and the dissenting opinions cited therein.

EAGEN, J., joins in this dissenting opinion.