369 A.2d 1325

**COMMONWEALTH of Pennsylvania ex rel.
Robert REYES, Appellant,**

**v.**

**Louis AYTCH, Superintendent Philadelphia
County Prison.**

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided Nov. 22, 1976.

288

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court improperly ordered extradition because (1) the extradition proceeding was properly within the jurisdiction of the Juvenile Court and not the Court of Common Pleas; (2) appellant's confession, taken in violation of his rights, was insufficient to enable the Commonwealth to meet its burden of proof of identity as required by the Uniform Criminal Extradition Act;[1] and (3) the arrest warrant did not demonstrate probable cause to believe that appellant committed the crime alleged by the demanding state.

■ Appellant, a seventeen-year-old wanted in New Jersey for murder, was arrested as a fugitive at his

1. Act of July 8, 1941, P.L. 288, § 1, 19 P.S. § 191.1 et seq.

home in Philadelphia on June 21, 1975.[2] Immediately after his arrest, appellant received Miranda warnings, but waived Fifth Amendment rights. He then gave a statement inculpating himself in the alleged New Jersey murder. Appellant was not advised by counsel or by another adult when he waived his rights. After a preliminary hearing held on the day of arrest, the court concluded that appellant appeared to be the person charged in New Jersey and scheduled the thirty-day hearing for July 18. 19 P.S. § 191.15. On July 18, the Commonwealth moved for a continuance until July 22, at which time appellant agreed to a rescheduling of the hearing until August 25. At the August 25 hearing, appellant was recommitted pursuant to 19 P.S. § 191.17. On September 8, appellant moved to transfer his case to the Juvenile Court. This motion was denied on September 18. At that time, all prior detainer were dismissed and appellant was arrested on Governor's warrants. On September 29, appellant filed a habeas corpus petition. On October 24, the court heard the petition for habeas corpus. At this hearing the Commonwealth presented evidence consisting of valid demand papers from New Jersey and the warrant issued by the Governor of Pennsylvania, as well as testimony by the New Jersey investigating officers and the Pennsylvania arresting officer. Testimony was taken as to the circumstances surrounding the confession. Appellant presented no evidence. On December 3, the court denied the habeas corpus petition and ordered extradition.

2. Although under the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, art. I, § 101, et seq.; 17 P.S. § 211.202, felonious homicide is under the exclusive jurisdiction of the Supreme Court, the section refers to cases in which the accused has been convicted in Pennsylvania. When the trial on the felonious homicide charge is to take place in another state, and Pennsylvania's jurisdiction consists solely of the extradition proceeding, that proceeding is clearly within the jurisdiction of the Superior Court. 17 P.S. § 211.302. See *Commonwealth ex rel. Colcough v. Aytch*, 227 Pa.Super. 527, 323 A.2d 359 (1974).

Appellant first contends that because he is a juvenile, the court should have granted his petition to transfer the case to Juvenile Court. The jurisdiction of the Juvenile Court is limited exclusively to four types of proceedings,[3] three of which appellant claims are applicable:

"(1) Proceedings in which a child is alleged to be delinquent or deprived.

"(2) Proceedings arising under sections 32 through 35 [11 P.S. § 50–329 to 11 P.S. § 50–332].

"(3) Transfers arising under section 7 [11 P.S. § 50–303].

"(4) Proceedings under the 'Interstate Compact on Juveniles', section 731, Act of June 13, 1967 (P. L. 31) known as the 'Public Welfare Code' ".[4]

Appellant argues that subsections (1), (3) and (4) provide the Juvenile Court with jurisdiction over the instant case.

Subsections (1) and (3) are irrelevant to appellant's case for the reasons stated in *Commonwealth ex rel. Colbert v. Aytch,* 246 Pa.Super. 278, 369 A.2d 1321 (1976): Pennsylvania has not sought jurisdiction over the appellant in "any proceeding in which a child is alleged to be delinquent"; rather, Pennsylvania's sole purpose in exercising its jurisdiction was to return appellant to New Jersey at that state's request. Nor is this a proceeding in which a child is charged with the crime of murder, because the substantive crime will be tried in New Jersey; appellant is before the court in Pennsylvania solely to determine whether he may properly be extradited to New Jersey.

It remains to be determined whether subsection (4), proceedings under the Interstate Compact on Juve-

---

3. Act of December 6, 1972, P.L. 1464, No. 333, § 3; 11 P.S. § 50–103.

4. Act of June 13, 1967, P.L. 31, No. 21, art. 7, § 731; 62 P.S. § 731.

niles, is applicable. Prior to 1973, the Compact provided a procedure for the return of juveniles who had run away from home, escaped from an institution, or *had been adjudged delinquent.* 62 P.S. § 731, Article III. In 1973, the Compact was amended to include Article XVII,[5] which provides that the Compact "shall be construed to apply to any juvenile *charged* with being a delinquent by reason of a violation of any criminal law." (Emphasis supplied). Appellant contends that because the amendment is applicable, his case is properly within the jurisdiction of the Juvenile Court. Although New Jersey has adopted the Interstate Compact on Juveniles, it has not adopted the amendment, which may be executed by Pennsylvania only "with any other state or states legally joining in the same . . . ." 62 P.S. § 731, Article XVII(b). Therefore, the applicability of the Compact must be decided without reference to the amendment. Because appellant has not "run away from home, escaped from an institution or been adjudged delinquent", the Interstate Compact on Juveniles does not apply. Thus, New Jersey properly requested that appellant be returned under the Uniform Criminal Extradition Act, and the court below had jurisdiction to order the appellant extradited.

 Appellant contends that the evidence was insufficient for extradition. He asserts that his confession is entitled to no weight because it was obtained in violation of his constitutional rights. Appellant correctly notes that our Supreme Court has held that a juvenile's confession is inadmissible unless an opportunity to consult with a parent or other adult is afforded. See, e. g., *Commonwealth v. Smith,* 465 Pa. 310, 350 A.2d 410 (Filed January 29, 1976); *Commonwealth v. Chaney,* 465 Pa. 407, 350 A.2d 829 (Filed Nov. 26, 1975); *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669

5. Act of July 25, 1973, P.L. 201, No. 49, § 2, Article XVII; 62 P.S. § 731.

(1975). It is also true that we have stated that "the manner in which evidence has been obtained will have a bearing on the weight which the Court accords to it in the extradition proceeding." *Commonwealth v. Kulp,* 225 Pa.Super. 345, 348, 310 A.2d 399, 400 (1973). Nevertheless, an extradition proceeding is not concerned with the guilt or innocence of the accused. The demanding state's requisition papers are to be given prima facie validity by the asylum state, and extradition ordered, if the papers contain the following elements: (1) an allegation that the accused was present in the demanding state at the time of the crime; (2) an allegation that the accused is a fugitive from the demanding state; (3) an allegation that the accused is charged with a crime in the demanding state; (4) the demand papers are in order. *Commonwealth ex rel. Colcough v. Aytch,* 227 Pa.Super. 537, 323 A.2d 359 (1974); *Commonwealth ex rel. Coades v. Gable,* 437 Pa. 553, 264 A.2d 716 (1970). In addition, the Commonwealth must prove that the person held is the person wanted by the demanding state. See, e. g., *Commonwealth ex rel. Edgar v. Davis,* 425 Pa. 133, 228 A.2d 742 (1967); *Commonwealth ex rel. Colcough v. Aytch,* supra. Appellant claims that absent the confession, the Commonwealth did not present sufficient evidence to identify him as the individual demanded in the papers.

At the habeas corpus hearing in the instant case, the Commonwealth not only presented the demand papers from New Jersey and the warrant issued by the Governor of Pennsylvania, but also the testimony of the arresting Pennsylvania officer, Detective Bethel. Detective Bethel testified that the appellant answered to the name of Robert Reyes, knew the birth date of Robert Reyes, and fit the physical description of Robert Reyes. This evidence is sufficient to identify the appellant as the person demanded in the requisition papers. While the appellant's confession was also used to identify him, it was merely cumulative. Thus, the Commonwealth presented

294

sufficient evidence to identify the appellant, and we need not reach appellant's claim regarding the weight to be given his confession.

Appellant contends finally that the warrant did not demonstrate probable cause to believe that he committed the crime alleged by New Jersey. This contention was explicitly rejected in *Commonwealth ex rel. Marshall v. Gedney,* 237 Pa.Super. 372, 352 A.2d 528 (1975).

Order affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

For the reasons discussed in my dissenting opinion in *Commonwealth ex rel. Marshall v. Gedney,* 237 Pa.Super. 372, 352 A.2d 528 (1975), it is my view that where a request for extradition is based on affidavits sworn to before a magistrate in another state, the affidavits must be sufficient to support a finding of probable cause. Here, the Commonwealth did not introduce the affidavits into evidence. Accordingly, probable cause does not appear. I would therefore reverse.