369 A.2d 1285

**COMMONWEALTH of Pennsylvania**

v.

**Clenzell GASKINS, Appellant.**

Supreme Court of Pennsylvania.

Argued March 29, 1976.

Decided Feb. 28, 1977.

---

Rudolph S. Pallastrone, Geo A. Bachetti, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah E. Glass, Philadelphia, for appellee.

Befores JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

O'BRIEN, ROBERTS, NIX and MANDERINO, Justices.

Appellant, Clenzell Gaskins, was convicted by a jury of murder of the first degree for the shooting death of Robert Speakes. After post-trial motions were denied, he was sentenced to life imprisonment. This direct appeal followed.[1]

While appellant presents several alleged errors for our review, we need only discuss one of them. Gaskins, a juvenile when he was arrested on this charge, argues that certain inculpatory statements given to the

---

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, Art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1976).

police should be suppressed because he did not have an opportunity to consult with an interested adult or counsel before he waived his *Miranda* rights.[2] *Commonwealth v. Stanton,* 466 Pa. 143, 351 A.2d 663 (1975); *Commonwealth v. Chaney,* 465 Pa. 407, 350 A.2d 829 (1975); *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975); *Commonwealth v. Roane,* 459 Pa. 389, 329 A.2d 286 (1974). Because we agree with appellant's argument, we reverse and remand for a new trial.

Appellant was sixteen years and eleven months old at the time of his arrest. He was awakened by his mother at 8:20 a. m. and two police officers requested that he go with them because he was wanted for questioning concerning the death of Speakes. Appellant was taken to the Police Administration Building where he was questioned beginning at 9:40 a. m. Prior to this interrogation, *Miranda* warnings were read to him and he waived his rights. Gaskins gave his first inculpatory statement about 1:18 p. m. and this was followed by a formal confession later that afternoon. No consultation prior to his waiver was permitted at the Police Administration Building.

█ However, there is a conflict in the record as to whether appellant's mother was told, prior to his depar-

---

2. It is urged by the Commonwealth, relying upon *Commonwealth v. Mitchell,* 464 Pa. 117, 346 A.2d 48 (1975), that this argument has been waived. However, *Mitchell* is inapplicable here. In that case, we held that a claim of unnecessary pre-arraignment delay not raised pre-trial, was waived even though it was prior to our decision in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). The fact that the penalty for a violation of the prompt arraignment rule had not been announced did not excuse counsel's failure to raise such a violation pre-trial. 464 Pa. at 126, 346 A.2d at 53. In the instant case, this confession was obtained on February 2, 1973. The suppression motion was heard and denied on June 29, 1973. Both events occurred well before our decision in *Roane,* the earliest of this line, was announced in November 1974. Because there was nothing comparable to a Rule of Criminal Procedure which, if violated, should have been known and raised by counsel, a *Mitchell* analysis is inappropriate. Counsel herein challenged the confession on a general voluntariness basis including the issue of a knowing waiver.

ture, that she could accompany him. According to the police witnesses, she declined such an offer because of the need to care for the younger children at home. There is also a conflict as to whether she was given a phone number by the officers where she could reach her son. Nonetheless, it is clear that Mrs. Gaskins was not called prior to the questioning, nor was she notified before he gave his formal confession. In *Chaney,* we stated:

> "[A]bsent a showing that a juvenile had an opportunity to consult with an interested and informed parent or adult or counsel before he waived his *Miranda* rights, his waiver will be ineffectual."

464 Pa. at 409, 350 A.2d at 830. The record fails to establish such an opportunity. Even if we accept the Commonwealth's testimony regarding what Mrs. Gaskins was told, we do not feel this meets what is necessary under *McCutchen.* This case is unlike *Commonwealth v. McFadden,* 470 Pa. 604, 369 A.2d 1156 (filed January 28, 1977), wherein we held that the requirements of *McCutchen* were satisfied. In that case, the defendant's mother was present when he was arrested, informed of the nature of the charge, and read his *Miranda* rights. Additionally, that record indicated a period of several minutes during which the mother could advise her son before any interrogation was initiated. 470 Pa. at 604, 369 A.2d at 1160. In the instant case, there is no showing that Mrs. Gaskins was aware either that her son was under any suspicion of actual involvement, or that she was informed of his rights under *Miranda* at the time he was taken from home. The mere offer to allow her to accompany her son in these circumstances cannot satisfy the requirement that an opportunity to consult be provided.

Because appellant did not have an opportunity to consult with an interested adult prior to waiving his rights

under *Miranda,* the statements should be suppressed.[3] *Commonwealth v. Smith,* 465 Pa. 310, 350 A.2d 410 (1976); *Commonwealth v. Chaney, supra; Commonwealth v. Stanton, supra; Commonwealth v. McCutchen, supra; Commonwealth v. Roane, supra.* We therefore reverse and remand for a new trial consistent herewith.

JONES, C. J., dissents.

POMEROY, J., filed a dissenting opinion in which JONES, C. J., and EAGEN, J., joined.

POMEROY, Justice, dissenting.

For the reasons stated in my dissenting opinion in *Commonwealth v. Lee,* 470 Pa. 401, 368 A.2d 690 [1977] (joined by Mr. Chief Justice JONES and Mr. Justice EAGEN), I dissent.

JONES, C. J., and EAGEN, J., join in this opinion.

**3.** The Commonwealth argues that *McCutchen* should not be applied retroactively. However, this Court has previously stated that we will apply that rule to cases which were on direct appeal at the time of the decision in that case. *See, e. g., Commonwealth v. Smith,* 465 Pa. 310, 350 A.2d 410 (1976); *Commonwealth v. Chaney,* 465 Pa. 407, 350 A.2d 829 (1975). This case was at that stage when *McCutchen* was decided.