398 A.2d 651

**COMMONWEALTH of Pennsylvania**

v.

**Thomas J. HACKETT, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 9, 1979.

Decided March 14, 1979.

44

Eugene H. Clarke, Jr., Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Joseph C. Murray, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In March 1976, appellant was tried before a jury on charges of murder of the second degree, robbery and burglary. That trial ended in a hung jury and a mistrial was declared. In August 1976, after a non-jury trial, appellant was convicted of all charges. Post-trial motions were denied. Appellant was sentenced to life imprisonment for murder and concurrent terms of five to ten years for robbery and burglary. Appellant appealed directly to this Court from the judgment of sentence on the murder conviction. Thereafter his appeals to the Superior Court from the judgments of sentence for robbery and burglary were consolidated in this appeal.[1]

Appellant argues that although he was a juvenile at the time of his arrest he was not provided an opportunity to consult with an interested adult and therefore his confession should have been suppressed. The record supports appellant's claim. We reverse and remand for a new trial.

Mrs. Inez Strom, an elderly woman, was beaten and robbed in her home in Philadelphia on May 9, 1975. She was taken to a hospital where she died on June 22, 1975. On July 28, 1975, appellant, a seventeen-year-old juvenile, was questioned by police at the Police Administration Building in connection with the crime. Appellant's mother was also questioned separately. Both were informed of their *Miranda* rights prior to interrogation and at the conclusion of questioning were permitted to leave.

More than six weeks later, on September 15, 1975, at 8:40 a. m., appellant was arrested by police at his home. The evidence shows that the police offered to permit appellant's mother to accompany him to the Police Administration Building in a police car but that she declined, saying that she would find her own ride. The questioning of appellant

1. We have jurisdiction to hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, §§ 202(1) & 503(c), 17 P.S. §§ 211.202(1) & 211.503(c) (Supp.1978).

began at 9:10 a. m. after he was informed of his *Miranda* rights. At 2:36 p. m., following interrogation and a polygraph examination, appellant confessed to robbing and striking the victim. Appellant's mother did not arrive at the Police Administration Building until 3:25 p. m., after the statement was signed. There is no evidence in the record that the juvenile appellant was ever informed that he had a right to consult with an interested adult prior to his confession.[2]

█ *Commonwealth v. Barnes,* 482 Pa. 555, 394 A.2d 461 (1978), states the prerequisites to a valid waiver of fifth and sixth amendment rights by a juvenile:

"(1) the juvenile must be given the opportunity to consult with an adult;

(2) the adult must be one who is genuinely interested in the welfare of the accused juvenile;

(3) the interested adult must be informed and aware of those Fifth and Sixth Amendment rights guaranteed to the juvenile."

Id., 482 Pa. at 560, 394 A.2d at 464. Unless these prerequisites are satisfied, any inculpatory statements made by the juvenile must be suppressed. E. g., *Commonwealth v. Smith,* 472 Pa. 492, 372 A.2d 797 (1977); *Commonwealth v. Gaskins,* 471 Pa. 238, 369 A.2d 1285 (1977); *Commonwealth v. Chaney,* 465 Pa. 407, 350 A.2d 829 (1975); *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669, cert. denied, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1975); see *Commonwealth v. Starks,* 461 Pa. 178, 335 A.2d 698 (1975); *Commonwealth v. Roane,* 459 Pa. 389, 329 A.2d 286 (1974). Here police failed to satisfy the first and most fundamental criterion by neglecting to provide an opportunity for consultation with an adult. The juvenile appellant was not even informed that he had a right to confer with an interested adult.[3]

2. There is likewise no evidence that appellant's mother was informed of appellant's fifth and sixth amendment rights at the time of his arrest.

3. We need not address the question whether, because the interrogation of appellant's mother in July of 1975 was accompanied by

■ The Commonwealth urges that the offer by police to allow appellant's mother to ride with him and the police to the Police Administration Building satisfied the requirement of affording him the opportunity "to consult with an adult." The Commonwealth argues additionally that the mother's refusal to accept the police offer combined with her delay in appearing at the police station constituted a waiver of the minor's rights. As we stated in *Commonwealth v. Smith,* supra,

"[t]he Commonwealth's position erroneously focuses upon the opportunity afforded the adult. They assumed that the parent's disinterest can be translated into a waiver by a minor. This assumption completely misconstrues both the Fifth and Sixth Amendment privileges and the objectives sought to be achieved by our case law. These rights are personal to the accused and therefore may only be waived by him, not the adult. Providing an opportunity for consultation with an adult seeks to insure that the juvenile is provided a means by which he can make an informed choice with respect to his rights."

Id., 472 Pa. at 502, 372 A.2d at 802. As in *Smith,* the Commonwealth's argument here must also be rejected. See *Commonwealth v. Gaskins,* supra. Our cases make clear that it is the juvenile appellant who must be afforded the opportunity for consultation. He was not provided that opportunity in the present case.

■ The Commonwealth also contends that because appellant and his mother were questioned in July of 1975 in connection with the murder of Mrs. Strom, the entire intervening period up to the arrest of appellant on September 15, supplied the necessary opportunity for consultation. For this proposition the Commonwealth relies upon *Commonwealth v. McFadden,* 470 Pa. 604, 369 A.2d 1156 (1977).

In *McFadden,* the accused was arrested in his home. While his mother stood beside him, the juvenile was in-

*Miranda* warnings, she was thereby "informed and aware" of her son's constitutional rights on September 15.

formed by police of the charge against him and of his constitutional rights. The juvenile and his mother then had ten minutes to confer privately with one another in the living room of their home. The circumstances in *McFadden* bear no resemblance to the facts of this case. Appellant's right to an opportunity to consult with an interested adult arose at the time of his arrest and interrogation on September 15, 1975. It is at that point that appellant needed the protection afforded by the advice of an interested adult in order to overcome the "impediment of immaturity." *Smith,* supra, 472 Pa. at 498–99, 372 A.2d at 800. That appellant had been interrogated six weeks prior to his arrest does nothing to offset the "inequality of the position of the accused [juvenile] and the police . . ." in the aftermath of the arrest. *Commonwealth v. Starks,* 461 Pa. 178, 188, 335 A.2d 698, 703 (1975). This Court has repeatedly expressed its fundamental view that an accused juvenile will not be permitted to waive his fifth and sixth amendment rights without first being accorded this simple, basic, and essential safeguard.

Here as in *Barnes, Smith, Gaskins, Chaney,* and *McCutchen,* supra, the failure to afford the juvenile appellant the opportunity to consult with an adult prior to obtaining his confession requires that the confession be suppressed.[4]

The judgments of sentence are reversed and the cases remanded for a new trial.

EAGEN, C. J., and LARSEN, J., dissent.

[4]. The evidence introduced at trial was sufficient to allow the trial judge to find the appellant guilty beyond a reasonable doubt. E. g., *Commonwealth v. Kichline,* 468 Pa. 265, 271, 361 A.2d 282, 283 (1976).

Appellant raises other arguments in support of a new trial: (1) that his confession was a product of unnecessary delay between his arrest and arraignment; and (2) that his confession was involuntary. In view of our disposition, we do not address the merits of these claims.