406 A.2d 1037

**COMMONWEALTH of Pennsylvania**

v.

**Gary THOMAS, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 21, 1979.

Decided Oct. 23, 1979.

Myra Werrin Sacks, Asst. Public Defender, for appellant.

Marion E. MacIntyre, Second Asst. Dist. Atty., for appellee.

570

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant, fifteen years old at the time of arrest, asserts that an inculpatory statement he gave to police during custodial interrogation should have been suppressed. Appellant's claim is based on this Court's requirement that before waiving *Miranda* rights a juvenile must be afforded an opportunity to consult with an attorney, parent or other "interested adult." The Commonwealth, on the other hand, contends that the prison counselor it made available to appellant and with whom appellant spoke is an "interested adult" for purposes of this rule. We agree with appellant, reverse judgment of sentence and grant appellant a new trial.

On October 30, 1976, police arrested appellant and took him to the juvenile section of the Dauphin County Prison. The following day, after two unsuccessful attempts to contact appellant's mother, police sought to question appellant. In an attempt to provide appellant the required access to an interested adult, the police called upon Ralph Reed, a counselor of adult prisoners at the prison. Before becoming a prison counselor Reed had served as a county detective, a probation officer and a police officer. During their brief conference of five minutes, Reed advised appellant to "cooperate with the police and tell them what happened." Following the conversation with Reed, appellant gave police an incriminating statement.[1]

After transfer to the Criminal Division of the Court of Common Pleas of Dauphin County, appellant unsuccessfully moved to suppress the statement. In a non-jury trial, appellant was convicted of aggravated assault. Post-trial motions were denied and appellant was sentenced. A divid-

---

1. The consultation took place in the interrogation room where police officers assigned to question appellant were at all times either in the room or just outside, but able to overhear the conversation.

ed Superior Court affirmed the conviction and this Court granted appellant's petition for allowance of appeal.[2]

■ The Commonwealth has the burden of establishing that, prior to waiving fifth amendment rights, a juvenile had the opportunity to consult with an "interested adult." This individual must be both interested in the juvenile's welfare and informed and aware of the juvenile's fifth and sixth amendment rights. See e. g., *Commonwealth v. Barnes*, 482 Pa. 555, 394 A.2d 461 (1978). This Court's "interested adult" cases rest upon a concern that juvenile immaturity may preclude self-protection from overbearing police interrogation.[3] The rule intends that overbearance may be avoided by consultation with individuals such as a "lawyer, adult relative or friend," who can provide a juvenile with "the protection which his own immaturity could not." *Gallegos v. Colorado*, 370 U.S. 49, 54, 82 S.Ct. 1209, 1213, 8 L.Ed.2d 325 (1962). Accord, *Haley v. Ohio*, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948).[4]

**2.** This case was reassigned to the writer on September 21, 1979, for the purpose of preparing an opinion expressing the views of a majority of this Court.

**3.** See e. g., *Commonwealth v. Walker*, 477 Pa. 370, 383 A.2d 1253 (1978); *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977); *Commonwealth v. Lee*, 470 Pa. 401, 368 A.2d 690 (1977); *Commonwealth v. Logan*, 468 Pa. 424, 364 A.2d 266 (1976); *Commonwealth v. Stanton*, 466 Pa. 143, 351 A.2d 663 (1976); *Commonwealth v. Smith*, 465 Pa. 310, 350 A.2d 410 (1976); *Commonwealth v. Chaney*, 465 Pa. 407, 350 A.2d 829 (1975); *Commonwealth v. Starkes*, 461 Pa. 178, 335 A.2d 698 (1975); *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669, cert. denied, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1975) and *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974).

**4.** This Court has been unwilling to permit dilution of the informed interested adult requirement. See e. g., *Commonwealth v. Hackett*, 484 Pa. 43, 398 A.2d 651 (1979); *Commonwealth v. Barnes*, 482 Pa. 555, 394 A.2d 461 (1978); *Commonwealth v. Walker*, 477 Pa. 370, 383 A.2d 1253 (1978); *Commonwealth v. Hailey*, 470 Pa. 488, 368 A.2d 1261 (1977). In *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977), the Court emphasized the importance of ensuring that juvenile waiver rules do not become merely a technical ritual of police practice. The Court held that the father's unwillingness to afford his son the counsel of an "interested adult" in no way negated the Commonwealth's obligation to provide such a consultation. Id., 472 Pa. at 502–03, 372 A.2d at 802.

■ The Commonwealth contends that Reed was an "interested adult" based on his past employment as a youth counselor. Reed, however, must exhibit a concern for the juvenile similar to that of either lawyer or parent. As Judge Spaeth, joined by Judge Cercone, dissenting in the Superior Court, observed

"Any other interpretation of the Supreme Court's requirement of an 'interested adult' would make no sense, for it would read the Court as saying that its requirement could be satisfied in either of two, mutually inconsistent, ways: either by affording the juvenile access to one of two persons vitally interested in his welfare—an attorney or parent—or by affording him access to a person only casually interested."

*Commonwealth v. Thomas*, 258 Pa.Super. 332, 392 A.2d 820 (1978). The record reflects that Reed's concern cannot be equated with that of an attorney, professionally representing the juvenile's interest. Nor can Reed's concern be equated with that of a parent. The Commonwealth's failure to provide appellant the required opportunity to consult with an "interested adult" as our case law mandates, compels the suppression of appellant's inculpatory statement.[5]

Judgment of sentence reversed and a new trial granted.

FLAHERTY, J., files a dissenting opinion.

EAGEN, C. J., and LARSEN, J., dissent.

FLAHERTY, Justice, dissenting.

I cannot agree with the majority's failure to characterize prison counselor Reed as an "interested adult." We should not require that the intensity of interest as an "interested

---

5. Although a substantial question exists as to whether appellant was provided a private consultation with the adult, see *Commonwealth v. Hailey*, 470 Pa. 488, 368 A.2d 1261 (1977), we need not reach that issue since our decision today grants appellant a new trial. Nor do we decide whether police attempts to contact appellant's mother were sufficient to satisfy the requirement that the Commonwealth make reasonable efforts to secure an accused juvenile access to parental advice. See *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1976).

adult" equal that of a parent, as one is a blood relationship while the other is that of a trained professional. Rather, the proper test for determining whether one qualifies as an interested adult is whether that person holds the accused's interest and welfare, as opposed to the prosecution's interest, as his primary concern.

I believe Mr. Reed met this test. He was a professional counselor, concerned with the problems of troubled youths. He was in no way connected with the prosecution, so there was no risk that his interest would be swayed from the side of the appellant to the side of the prosecution. It cannot be said, as a matter of law, that a prison counselor is so connected with the interests of the prosecution as to render him uninterested in the welfare of the prisoner. Accordingly, I would affirm the judgment of sentence.