454 A.2d 1083

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Eric WILLIAMS a/k/a David Murphy.**

Superior Court of Pennsylvania.

Argued March 30, 1982.

Filed Dec. 30, 1982.

Petition for Allowance of Appeal
Granted March 22, 1983.

Kenneth S. Gallant, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Paul Messing, Assistant Public Defender, Philadelphia, for appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal filed by the prosecution from an order of the court below which granted appellee's motion to suppress.[1] We reverse and remand for proceedings consistent with this opinion.

The facts as found by the trial court reveal the following:

On January 24, 1980, James Dugan was robbed of a bank bag. On February 6, 1980, Detectives Walsh and Russell arrested the appellee, Eric Williams, in connection with the robbery. Detectives Walsh and Russell were informed prior to appellee's arrest that a warrant had been issued. This information proved later to be erroneous. Detective Walsh had also been informed by Detective Kuhlmeier that an identification of appellee as one of the actors in the crime had been made. Detective Walsh testified finally that he had received information on the street that appellee had been involved in the robbery. Detective Walsh, however, never testified to the source of the information, nor did he state a basis for his belief in the reliability of the informa-

---

1. The order appealed is properly before us since the prosecution may appeal from an order granting suppression where the practical effect of the order is to terminate effectively or substantially handicap the prosecution's case. *See Commonwealth v. Bosurgi,* 411 Pa. 56, 63, 190 A.2d 304, 308 (1963) *cert. denied,* 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963).

tion. Detective Walsh took the appellee into custody based on the above information.

At approximately 7:00 p.m., the appellee, at the time of the arrest, was a juvenile and was interviewed by Detective Robert Kuhlmeier. At this time, Detective Kuhlmeier informed appellee of the reasons for his arrest and the circumstances of the crime. Appellee was asked whether his parents were at home. After appellee was informed that his father was home, Detective Kuhlmeier proceeded to appellee's home, and approximately one half hour later, the detective returned to the police station with Mr. Ollie Williams, appellee's father.

Prior to the time either appellee or his father was informed of appellee's *Miranda* rights, the detective permitted the appellee and his father a few minutes in which to consult. The detective thereafter advised the appellee and his father of appellee's rights. Shortly after advising appellee of his rights, a statement was obtained which was signed by appellee and his father. The trial court granted appellee's motion to suppress the statement, physical evidence and identification, and this appeal followed.[2]

In his motion to suppress, appellee asserted various grounds in support of his contention that the evidence was obtained in violation of his constitutional rights: (1) the arrest was illegal because it was not supported by probable cause; (2) the appellee's statement was the product of physical or psychological coercion; (3) appellee's questioning was not preceded by adequate warnings; and (4) appellee was subjected to unnecessarily suggestive identification procedures at the preliminary hearing and at the photographic identification. The suppression court conducted a hearing and concluded that "due to the fact that the juvenile Defendant was not offered the opportunity to consult with his father after being advised of his rights, the Commonwealth failed to show that the Defendant's statement

---

**2.** The record shows that although appellee sought to suppress both physical and identification evidence that there was no such evidence seized by the police.

was made after he had an opportunity to consult with an informed and interested adult." Record D–15 at 7–8. In view of the court's disposition, it did not reach the merits of the other issues.

On appeal, the prosecution raises three issues: (1) whether appellee's statement was given knowingly and voluntarily after consultation with an informed interested adult; (2) whether appellee was sufficiently knowledgeable and mature that he could knowingly and voluntarily waive his rights without consulting an adult; and (3) whether the requirement of the presence of an adult advisor before a juvenile knowingly and voluntarily made a statement should be replaced by a test which considers the totality of the circumstances in determining whether a statement has been made in a knowing and voluntary manner. We agree in part with the prosecution's contentions; however, a remand is necessary for the reasons herein stated.

■ Initially, we note that the following standards are applicable to determining whether a juvenile defendant has effectuated a valid waiver of his *Miranda* rights: "(1) the juvenile must be given the opportunity to consult with an adult [3]; (2) the adult must be one who is genuinely interest-

**3.** *Commonwealth v. Barnes,* 482 Pa. 555, 562, 394 A.2d 461, 464 (1978) (no waiver because minor could not *reject* an opportunity to consult with a concerned adult); *Commonwealth v. Graver,* 473 Pa. 473, 375 A.2d 339 (1977) (no waiver where appellant was separated from his mother and later confessed without being given an opportunity to consult); *Commonwealth v. Smith,* 472 Pa. 492, 372 A.2d 797 (1977) (no waiver where the alleged interested adult unilaterally decided not to participate in the consultation); *Commonwealth v. Gaskins,* 471 Pa. 238, 240, 369 A.2d 1285, 1286 (1977) (no waiver where there was "[n]o consultation prior to the waiver was permitted at the Police Administration Building" when appellant was interrogated by the police.); *Commonwealth v. McFadden,* 470 Pa. 604, 612, 369 A.2d 1156, 1160 (1977) (waiver where mother and son, a juvenile defendant, were "left in each other's presence for ten minutes," there was an opportunity to consult.); *Commonwealth v. Hailey,* 470 Pa. 488, 511, 368 A.2d 1261, 1273 (1977) (plurality opinion) (no waiver where appellant's first access to the advice of an interested adult was provided six hours after questioning during which time appellant had already incriminated himself and the prosecution "did not establish that the father, at the time of his belated entrance, was in fact provided an opportunity to confer...."); *Commonwealth v. Lee,* 470 Pa. 401, 403, 368 A.2d 690,

ed in the welfare of the accused juvenile [4]; and (3) the interested adult must be informed and aware of those Fifth and Sixth Amendment rights guaranteed to the juvenile [5]." *Commonwealth v. Barnes*, 482 Pa. at 560, 394 A.2d at 464 (citations added).

Additionally, we recognize the following standard of review in suppression cases: in reviewing the suppression court's findings, our inquiry is limited to determining whether the inferences and legal conclusions based thereon are correct. *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976). Although the record supports the suppression court's *factual* findings, we are unable to agree with the legal conclusions drawn therefrom. The court stated the following in its opinion:

> 691 (1977) (no waiver where "appellant was not allowed to consult with his parents until after he had given his original confession."); *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1975) (no waiver where prior to giving first confession, appellant, a juvenile, was not given the opportunity to consult with his mother before he waived his rights.).

4. *Commonwealth v. Veltre*, 492 Pa. 237, 241, 424 A.2d 486, 487–88 (1980) (Opinion in Support of Affirmance by Larsen, J., joined by Flaherty and Kauffman, J.J.) (although probation officer was not an "interested adult, appellant's waiver was knowingly, understandingly, and voluntarily made under the totality of the circumstances."); *Commonwealth v. Thomas*, 486 Pa. 568, 406 A.2d 1037 (1979) (Prison counsellor was not an interested adult); *Commonwealth v. Smith*, *supra* (no irrebuttable presumption that a parent is an interested adult; hence, where "the disinterest of the parent was graphically demonstrated, the parent was not an interested adult.")

5. *Commonwealth v. Hackett*, 484 Pa. 43, 398 A.2d 651 (1979) (no waiver where no evidence that juvenile defendant's mother was informed.); *Commonwealth v. Graver*, *supra* (no waiver where appellant's mother was not informed "of the rights available to her son, the mother could not be termed an informed adult."); *Commonwealth v. Smith*, *supra* (no waiver where no evidence that the "adult comprehended the rights of the minor".); *Commonwealth v. Hailey*, *supra* (no waiver where the prosecution did not establish that "the father was in fact aware of the options available to appellant."); *Commonwealth v. Webster*, *supra* (no waiver "where prosecution's evidence fails to show that mother was advised of accused's *Miranda* rights".); *Commonwealth v. Smith*, 465 Pa. 310, 350 A.2d 410 (1976) (no waiver where mother was not informed of her son's *Miranda* rights.). *Commonwealth v. Rochester*, 305 Pa.Super. 364, 451 A.2d 690 (1982).

"In the instant case, the Defendant was permitted to consult with his father prior to either one of them being informed of the Defendant's rights; however, *after* the Warnings were given they were not offered an opportunity to consult *out of the presence of the police.*" Trial Court's Opinion at 4. (Emphasis added).

Although we agree with the trial court that the relevant time period in determining whether a waiver had occurred was *after* the *Miranda* rights were administered by the police, we are unable to conclude that the waiver was ineffective because appellee and his informed adult were not afforded an opportunity to consult "out of the presence of the police". *Id.*

■ In a recent case, *Commonwealth v. Rochester, supra,* this Court addressed the identical issue herein presented and held that "the prosecution met its burden in establishing that appellant [, the defendant,] entered into a voluntary, understanding, and intelligent waiver of [his] *Miranda* rights since the record indicates that a parent was present during [the] interrogation." *Id.,* 305 Pa.Superior Ct. at 375, 451 A.2d at 696. Therefore, despite the fact that a private meeting was not conducted between appellee and his father prior to appellee's confession because the record establishes that the father was present during the interrogation, appellee's waiver of his *Miranda* rights is valid.[6]

6. In view of our disposition of this issue, we need not expound on the prosecution's other contentions that because appellee was "streetwise" that he need not have access to an informed and interested adult and also the contention that the per se *McCutchen* rule should be replaced by a test requiring an examination of the totality of the circumstances. We need only reiterate the following:

"In *Commonwealth v. Veltre,* 492 Pa. 237, 424 A.2d 486 (1981), our Supreme Court, for the first and only time, retreated from the per se nature of our right to consultation rule. This would seem to comport with the Commonwealth's position regarding a shift in the law, although *Veltre* also involved a situation wherein at least some basic warnings to the juvenile were given. The precedential value of *Veltre* is dubious, however, since it involved an evenly split court, and since it was in fact the first and only such departure (made primarily on the basis that the particular defendant was so 'streetwise' and experienced with the law that he was capable of waiving his rights on his own). Furthermore, the opinion in *Veltre* clearly

However, because the court below granted the relief appellee requested, it did not address the other issues raised in appellee's motion to suppress; that is, appellee's constitutional rights were violated because his arrest was illegal and also because appellee was subjected to unnecessarily suggestive identification procedures at the preliminary hearing and at the photographic identification. Some of the facts pertinent to the suppression issues were contained in the court's opinion. These facts, although set forth above, will be repeated below for purposes of clarity.

On January 24, 1980, James Dugan was robbed of a bank bag. On February 6, 1980, Detectives Walsh and Russell arrested the appellee, Eric Williams, in connection with the robbery. Detectives Walsh and Russell were informed prior to their arrest of the appellee that a warrant had been issued. This information proved later to be erroneous. Detective Walsh had also been informed by Detective Kuhlmeier that an identification of appellee as one of the actors in the crime had been made. Detective Walsh testified finally that he had received information on the street that appellee had been involved in the robbery. Detective Walsh, however, never testified to the source of the information, nor did he state a basis for his belief in the reliability of the information. Detective Walsh took the appellee into custody based on all of the above information. The prosecution rested its case at the suppression hearing without presenting additional testimony, and the evidence proffered by the appellee also did not contradict that of the prosecution in this respect.

Initially, we reiterate that our scope of review in an appeal from an order of a suppression court has been set forth in the following manner:

"When ruling on suppression motions, the suppression court is required to make findings of fact and conclusions of law as to whether evidence was obtained in violation of

reaffirmed another principal of long-standing—that a judge's decision regarding an alleged waiver of a juvenile's *Miranda* rights be made with reference to the totality of the circumstances."
*In re Miller*, 294 Pa.Super. 322, 330, 439 A.2d 1222, 1226 (1982).

the defendant's constitutional rights, Pa.R.Crim.P. 323(i), and must determine whether the Commonwealth has established by a preponderance of the evidence that the challenged evidence is admissible. Pa.R.Crim.P. 323(h). On review, this Court must 'determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings.' *Commonwealth v. Brown*, 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977); *Commonwealth v. Goodwin*, 460 Pa. 516, 521, 333 A.2d 892, 895 (1975). In doing so, we will consider 'only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted.' *Commonwealth v. Brown, supra*, 473 Pa. at 566, 375 A.2d at 1262; *Commonwealth v. Kichline*, 468 Pa. 265, 280–81, 361 A.2d 282, 290 (1976). *See Commonwealth v. Silo*, 480 Pa. 15, 18, 389 A.2d 62, 63 (1978); *Commonwealth v. Harris*, 479 Pa. 131, 138, 387 A.2d 869, 873 (1978); *Commonwealth v. Crosby*, 464 Pa. 337, 342, 346 A.2d 768, 771 (1975). *See also Culombe v. Connecticut*, 367 U.S. 568, 604, 81 S.Ct. 1860, 1880, 61 L.Ed.2d 1037 (1961)."

*Commonwealth v. Davis*, 491 Pa. 363, 367, 421 A.2d 179, 181 (1980).

The uncontradicted evidence introduced below revealed that an eyewitness identified appellee as one of the actors in the crime. This information was known by the arresting officers at the time of the arrest. As such, assuming arguendo that the court finds that the identification procedure which led to appellee's arrest was not necessarily suggestive, probable cause existed despite the fact that the police believed erroneously that an arrest warrant had been issued. *See Commonwealth v. Irving*, 485 Pa. 596, 560, 403 A.2d 549, 551 (1979); cert. denied *Irving v. Pennsylvania*, 444 U.S. 1020, 100 S.Ct. 676, 62 L.Ed.2d 651 (1980); *Commonwealth v. Carter*, 444 Pa. 405, 409, 282 A.2d 375, 377 (1971).

█ Because the suppression court did not reach the merits of the other issues raised in appellee's motion to suppress and also because neither the prosecution nor the defendant addressed the other issues in the briefs, the matter must be remanded since "the [court's] failure to reduce the [ ]record to specific findings of fact in relation to *each* of [defendant's] claims prevents meaningful appellate review." *Knapp v. Knapp,* 267 Pa.Super. 554, 555, 407 A.2d 48, 49 (1979) (footnote omitted) (emphasis added). *See also* Pa.R.Crim.P. 323(i) ("the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights.").

Accordingly, we remand the matter with instructions to the court below "to review and rule on all arguments raised in defendant['s] suppression petition[ ] to prevent [a] piecemeal litigation of this case." *Commonwealth v. Ryan,* 296 Pa.Super. 222, 232–233, 442 A.2d 739, 745 (1982).

Reversed and remanded. Jurisdiction is relinquished.