416 A.2d 1090

**COMMONWEALTH of Pennsylvania**

v.

**Edward JAMES, Appellant.**

Superior Court of Pennsylvania.

Submitted July 30, 1979.

Filed Dec. 21, 1979.

Judith B. Chomsky, Phildelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Division, by the defendant after his conviction of second degree murder. Defendant was sentenced on April 29, 1975 to five to twenty years in prison. He filed an appeal to the Supreme Court on May 13, 1975 but no further action was taken thereon, the appeals were not perfected and a non pros entered on January 23, 1976. On April 21, 1977, after defendant filed a Post Conviction Hearing Act petition and the court below ordered an appeal nunc pro tunc.

Defendant, who was fourteen years old at the time, was arrested on February 2, 1973 at his mother's home. The arrest was a warrantless one. He was arrested on the basis of statements given to police by two other youths which placed the defendant at the scene of the murder of one Robert Speakes. Defendant was arrested at about 8:40 A.M. and taken to the Police Administration Building where he was questioned at 9:35 A.M., again at 12:40 P.M. and again at 4:45 P.M. At 7:00 P.M., defendant's mother arrived and called an attorney who advised defendant to remain silent. Defendant never signed any written confession but the oral statements he had given to the police during his interrogation were used against him at his trial after a motion to suppress the oral statements had been denied by the court below. From 8:40 A.M. to 7:00 P.M., defendant

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

did not have the opportunity to consult with an informed and interested adult. During the second interrogation, at about 1:50 P.M., defendant admitted carrying the gun (the murder weapon) from a playground to the place where the victim was killed. This statement was used against him at trial. He had been given the *Miranda* warnings.

The murder occurred during a confrontation between rival street gangs. The victim had been pursued and shot by members of the gang to which defendant belonged.

Defendant raises several issues on appeal. Because of our disposition of the case we need address only one of those issues here. Defendant claims that the oral statements made by him at the Police Administration Building should have been suppressed as the product of an unnecessary delay between arrest and arraignment and because they were obtained in violation of the Juvenile Act.[1] At the time of defendant's arrest his mother was told only that he was wanted for questioning in connection with a homicide. She was not told that her son was being arrested. Absent a showing that a juvenile had an opportunity to consult with an interested and informed parent or adult or counsel before he waived his *Miranda* rights, his waiver is ineffective. *Commonwealth v. Gaskins*, 471 Pa. 238, 369 A.2d 1285 (1977), *Commonwealth v. Lee*, 470 Pa. 401, 368 A.2d 690 (1977). Since the defendant was a juvenile at the time of his arrest and did not have the opportunity to consult with his parents, an attorney, or other interested and informed adult prior to waiving his *Miranda* rights the oral statements given by him to the police should have been suppressed.

Judgment of sentence reversed and case remanded for a new trial in accordance with this opinion.

This decision was reached prior to death of MANDERINO, J.

1. 11 P.S. 50–101 et seq.