J-S26037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY SCOTT SOURBEER | |
| Appellant | No. 1514 MDA 2014 |

Appeal from the PCRA Order August 11, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-933-1976

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                 **FILED MAY 08, 2015**

Appellant Gregory Sourbeer appeals from the order of the Lancaster County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

On October 6, 1976, a jury convicted Appellant, who was fourteen at the time of the crime, of first-degree murder[1] following the death of his mother.  On October 28, 1977, the court sentenced Appellant to life imprisonment without the possibility of parole.  On November 15, 1977,

_____

[1] 18 Pa.C.S. § 2502(a).

Appellant filed a notice appeal to the Supreme Court of Pennsylvania, which affirmed the judgment of sentence on February 1, 1980.[2]

On August 2, 2012, Appellant filed a *pro se* PCRA petition, alleging his sentence was unconstitutional pursuant to **Miller v. Alabama**, 132 S.Ct. 2455 (U.S.2012). The PCRA court appointed counsel, who filed an amended petition on August 20, 2012. The PCRA court held the petition in abeyance pending the decision of the Supreme Court of the United States as to whether it would grant a writ of *certiorari* in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa.2013). On June 19, 2014, the Commonwealth filed a supplemental answer to the amended petition, informing the court the Supreme Court of the United States denied the petition for a writ of *certiorari* in **Cunningham**.

On August 11, 2014, the PCRA court denied Appellant's PCRA petition as untimely. On September 10, 2014, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue on appeal:

> Does [**Miller**] apply on collateral review to juveniles serving life sentences for homicide by creating a newly recognized [c]onstitutional [r]ight and an exception to the

---

[2] In 1977, the Supreme Court of Pennsylvania had exclusive jurisdiction of "felonious homicide" convictions. **See Com. ex rel. Colcough v. Aytch**, 323 A.2d 359, 361 (Pa.Super.1974) (citing 17 P.S. § 211.202(1)); **Com. ex rel. Reyes v. Aytch**, 369 A.2d 1325, 1326 n.2 (Pa.Super.1977).

one year filing requirement under Pennsylvania's [PCRA] Statute? 42 [Pa. C.S. §] 9545(b)(1)(iii).

Appellant's Brief at 2.

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079; *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking a time-bar exception, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

On February 1, 1980, the Supreme Court of Pennsylvania affirmed Appellant's judgment of sentence. Appellant's judgment of sentence became final when the time to seek review in the Supreme Court of the United States expired. 42 Pa.C.S. § 9545(b)(3). Therefore, his current petition, filed on August 2, 2012, more than thirty-two years later, is facially untimely. *See* 42 Pa.C.S. § 9545(b)(1).

Appellant claims the new constitutional right exception to the PCRA time-bar applies because the Supreme Court of the United States recognized a new constitutional right made retroactive to cases on collateral review in *Miller*. Appellant's Brief at 10-13. We disagree.

In *Miller*, the Supreme Court of the United States found mandatory life imprisonment without parole for juvenile offenders unconstitutional. 132 S.Ct. at 2469. On October 30, 2013, the Supreme Court of Pennsylvania found *Miller* was not retroactive and did not apply to defendants whose

judgments of sentence were final prior to the issuance of the **Miller** opinion.[3] **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa.2013).

Because the Supreme Court of Pennsylvania has found **Miller** is not retroactive, it does not apply to Appellant and the trial court did not err in denying Appellant's PCRA petition. **See Cunningham** 81 A.3d at 11.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015

_____

[3] Appellant filed his August 2, 2012 PCRA petition within 60 days of the issuance of the **Miller** opinion on June 25, 2012.

[4] The Supreme Court of the United States granted a writ of *certiorari* in **Montgomery v. Louisiana**, ___ U.S. ___, 190 L.Ed.2d 649, 135 S.Ct.781 (U.S.2014), which addresses the retroactivity of **Miller v. Alabama**, 567 U.S. –––––, 135 S.Ct. 1546, (2012).  If the Supreme Court determines **Miller** applies retroactively to cases on collateral review, Appellant would have sixty days from that opinion to file his PCRA petition seeking relief.